UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>THE COUNTY OF ALAMEDA, et al.,<br><br>Respondent. | Case No. 17-cv-04785-JD<br><br>**ORDER DISMISSING CASE AND DENYING CERTIFICATE OF APPEALABILITY** |

Charles Ray Williams, a civil detainee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the ongoing proceedings in Alameda County Superior Court to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), *see* Cal. Welf. & Inst. Code § 6600 et seq. Petitioner was ordered to show cause why *Younger* abstention does not apply and why this case should not be dismissed. He has filed a response.

## DISCUSSION

### STANDARD OF REVIEW

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petition under § 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is

the appropriate basis for a challenge to detention by a pretrial detainee. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007).

**LEGAL CLAIMS**

It appears from the petition that petitioner has not yet been found to be a sexually violent predator and the commitment proceedings are ongoing. Petitioner argues that there have been many due process violations in the proceedings against him and his public defender is incompetent. For relief, petitioner seeks a new attorney, money damages and to be transferred to a different state hospital and receive different care.

A federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 40-41, 43-45 (1971). Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the petitioner an adequate opportunity to raise constitutional claims. *Middlesex County Ethics Committee v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982). For abstention to be appropriate, the federal court action must enjoin the state proceeding or have the practical effect of doing so by interfering in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 977-78 (9th Cir. 2004) (en banc). This principle of abstention has been applied to collateral attacks on criminal convictions; federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of a state criminal charge prior to a judgment of conviction by a state court, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973), or even during the time a case is on appeal in the state courts, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). This principle has also been applied to pending state civil proceedings where important state interests are at stake. *Middlesex County Ethics Committee*, 457 U.S. at 432; *Moore v. Sims*, 442 U.S. 415, 423 (1979) (pending child custody proceeding); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) (pending nuisance action).

SVPA proceedings involve important state interests. The importance of a state's interest may be shown by a close relationship between noncriminal proceedings to proceedings that are

criminal in nature. *Middlesex County Ethics Comm.*, 457 U.S. at 432. The SVPA proceedings are closely related to proceedings that are criminal in nature and involve state interests of protection of the public and mental health treatment, which under California law are considered to be compelling, *Hubbart v. Superior Court*, 19 Cal. 4th 1138, 1153 n. 20 (1999), and are the types of interests categorized as legitimate and important under federal authority, *Dept. of Revenue of Ky. v. Davis*, 553 U.S. 328, 340 (2008) (health, safety and welfare of citizens); *Hill v. Colorado*, 530 U.S. 703, 715 (2000) (traditional police power of the state to protect the health and safety of citizens). Specifically, the *Younger* abstention principles have been applied to SVPA proceedings. *See*, *Smith v. Plummer*, 458 Fed. Appx. 642, 643 (9th Cir. Nov. 15, 2011) (unpublished*); Cruz v. Ahlin*, 2011 WL 5290092, at *3 (C.D.Cal. Aug. 24, 2011) (unpublished) (collecting cases).

To the extent that petitioner seeks different care at Coalinga Hospital; he must file a civil rights action in the Eastern District of California. Petitioner is informed that money damages are not available in habeas proceedings. With respect to his request for this Court to interfere in ongoing state proceedings, he has failed to demonstrate extraordinary circumstances to warrant intervention. He states that his public defender has failed to ask appropriate questions and has not helped him receive appropriate treatment. His requests related to treatment must be filed in a civil rights action. That he feels his public defender is not performing adequately does not justify federal court intervention.

## CONCLUSION

1. The petition is **DISMISSED** for the reasons set forth above.

2. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**IT IS SO ORDERED.**

Dated: January 9, 2018

_____
JAMES DONATO
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES RAY WILLIAMS,

    Plaintiff,

v.

THE COUNTY OF ALAMEDA, et al.,

    Defendants.

Case No. 17-cv-04785-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 9, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Ray Williams ID: CO#:000581-9
Pleasant Valley State Prison
24511 W. Jayne Avenue
P.O. Box 5003, Unit 14
Coalinga, CA 93210-5003

Dated: January 9, 2018

    Susan Y. Soong
    Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO